UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

TAO ZHANG,

Petitioner,

v.

TODD BLANCHE, in his official capacity as Attorney General of the United States,[1]

Respondent.

Case No.:  3:26-cv-01986-RBM-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Tao Zhang's ("Petitioner") Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen of the People's Republic of China who entered the United States on or about July 26, 2023 without being admitted or paroled.  (*Id.* ¶ 25 (citing Doc. 1-2 at 17).)  On December 22, 2023, the Department of Homeland Security ("DHS") issued a Notice to Appear, charging Petitioner as inadmissible under Immigration and Nationality

---

[1]  Todd Blanche is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

1

Act ("INA") § 212(a)(6)(A)(i).  (*Id.* ¶ 25.)  "Following his initial processing, [Petitioner] was released into the interior of the United States."  (*Id.*; *see also* Doc. 4 at 2 ("Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a).").)  For the next three years, Petitioner lived in Flushing, New York, where he worked as a truck driver and pursued his asylum application.  (Doc. 1 ¶¶ 28–29.)  On March 26, 2026, ICE agents arrested Petitioner while he was working and transferred him to Imperial Regional Detention Facility.  (*Id.* ¶¶ 29–30.)  He has remained there since, and argues that a request for bond hearing would be futile given the Board of Immigration Appeal's binding decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.* ¶¶ 14–17.)

On March 30, 2026, Petitioner filed his Petition.  (Doc. 1.)  The Court set a briefing schedule shortly thereafter.  (Doc. 2.)  Respondents filed their Response to Petition ("Response") on April 3, 2026.  (Doc. 4.)  Petitioner filed his Reply to Respondents' Response to the Emergency Petition ("Reply") on April 8, 2026.  (Doc. 5.)

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.     DISCUSSION

Petitioner argues that his detention without a bond hearing violates the INA and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 48–61.)  He seeks immediate release or a prompt § 1226(a) bond hearing.  (*Id.*, Prayer for Relief.)  Respondents argue that

Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts."  (Doc. 4 at 2.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025).  In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years.  *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).  The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on March 26, 2026 in the interior of the United States, after having resided here for three years.  (Doc. 1 ¶¶ 25, 29; Doc. 4 at 2.)  Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.  The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

3:26-cv-01986-RBM-BJW

## IV.    CONCLUSION[2]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.[4]

**IT IS SO ORDERED.**

DATE:  April 8, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[3]  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[4]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

4

3:26-cv-01986-RBM-BJW